UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CV-23895-LENARD/O'SULLIVAN

AMERISOURCEBERGEN DRUG
CORPORATION, a foreign corporation,

      Plaintiff,
vs.

IZZ AND SONS, INC., a Florida
corporation; RDS PHARMACY
MANAGEMENT, INC., a Florida
corporation; PHARMACY ONE, INC.,
a Florida corporation; AIMAN IZZEDIN
ARYAN, an individual, and IZZEDIAN
ARYAN, an individual,

      Defendants.



FILED by _____ D.C.

OCT 2 8 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## PLAINTIFF'S *EMERGENCY* MOTION FOR PREJUDGMENT ATTACHMENT AND GARNISHMENT, EXPEDITED DISCOVERY AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, AmerisourceBergen Drug Corporation ("AmerisourceBergen"), has brought a four count complaint against the Defendants Izz and Sons, Inc. ("Izz and Sons"), RDS Pharmacy Management, Inc. ("RDS"), Pharmacy One, Inc. ("Pharmacy One"), Aiman Izzedine Aryan (Aryan) and Izzedian Aryan ("Izzedian Aryan") requesting appointment of a receiver (count I); prejudgment attachment and garnishment (count II); breach of contract (count III) and breach of guarantees (count IV).[1] Since as early as 2001, AmerisourceBergen Drug Corporation has sold pharmaceuticals to the defendant entities for sale in the operation of their pharmacies in Miami-Dade County, Florida. Defendant Aiman Izzedin Aryan, the principal of each of the defendant entities, guaranteed the debt of all the entities; defendant Izzedian Aryan is a guarantor of one of

---

[1] The factual allegations of the complaint are incorporated herein by this reference.

BERGER SINGERMAN
attorneys at law

Boca Raton   Fort Lauderdale   Miami   Tallahassee

200 South Biscayne Boulevard   Suite 1000   Miami, Florida 33131-5308   Telephone 305·755·9500   Facsimile 305·714·4340

the defendant entity's debts. Generally, the defendant entities granted perfected security interests in substantially all of their assets, including, but not limited to, all inventory, accounts, equipment and general intangibles to secure the obligations owed to AmerisourceBergen. AmerisourceBergen perfected those security interests by filing UCC-1 Financing Statements with the Office of the Florida Secretary of State.

On October 12, 2011, Defendant Aiman Izzedin Aryan, was arrested by the United States of America and charged with conspiring to distribute oxycodone and oxymorphone and conspiring to defraud Medicare. *See, United States of America v. Aryan, et al.*, Case No.: 11-20698 MOORE/TORRES. He remains in the custody of the United States of America. In connection with the criminal investigation and the arrest of Aiman Izzedin Aryan, the pharmacy licenses of Izz and Sons, Inc., RDS Pharmacy Management, Inc. and Pharmacy One, Inc. have been suspended, thereby preventing those entities from dispensing prescription pharmaceuticals.

AmerisourceBergen is in need of emergency relief in the form of a receiver and prejudgment attachment and garnishment in order to protect its security interests and to protect the public health, safety and welfare by ensure that prescription drugs do not wind up on the streets of South Florida. Upon information and belief, the assets of Izz and Sons, Inc., RDS Pharmacy Management, Inc. and Pharmacy One, Inc. are presently being cannibalized by third parties removing from the pharmacy locations, inventory and equipment. Moreover, with each passing day, the value of the prescription files of these pharmacies – perhaps the most valuable asset of the pharmacies – are dissipating as customers transition to other pharmacies that have the ability to service their needs. This Emergency Motion is supported by the affidavit of Roger McMullen filed simultaneously.[2]

---

[2] The Court is also requested to take judicial notice of the record in *United States of America v. Aryan, et al.*, Case No.: 11-20698 MOORE/TORRES, pursuant to Fed. R. Evid. 201.

## ARGUMENT

### A. Appointment of a Receiver Is Appropriate and Necessary

AmerisourceBergen requests that the Court appoint a receiver to take possession, custody and control of all interests of the Defendants, including the three (3) pharmacy locations in Miami-Dade County, Florida, and grant the receiver such attendant rights and powers as are customarily given to receivers. AmerisourceBergen is entitled to the appointment of a receiver because the principal owner, operator, manager, and, upon information and belief, one of its licensed pharmacists operating the pharmacies is incarcerated. So far as is known to AmerisourceBergen, no one operating or controlling the businesses and/or pharmacies is protecting the assets on which AmerisourceBergen has a first lien and security interest. Thus, AmerisourceBergen's collateral is subject to loss, theft, dissipation, waste, damage and/or destruction which would severely impair the value of the collateral. Indeed, upon information and belief, cannibalization of the pharmacies and their goods, equipment and inventories has already begun. Moreover, with each passing day, the value of the prescription files of the pharmacies dissipate in value as customers transition to other pharmacies that can fill their needs.

Federal law governs the appointment of a receiver in diversity cases. *National Partnership Inv. Corp. v. National Housing Development Corp.* 153 F.3d 1289 (11th Cir. 1998). Relevant factors to be considered include:

> (1) whether fraudulent activity has or will occur, (2) the validity of the claim, (3) the danger that property will be lost or diminished in value, (4) inadequacy of legal remedies, (5) the availability of a less severe equitable remedy, and (6) the probability that a receiver may do more harm than good.

*See, Calliope Capital Corp. v. Earthfirst Technologies, Inc.,* 2008 WL 1995077 (M.D. Fla. May 6, 2008); *Santibanez v. Wier McMahon & Co.,* 105 F.3d 234, 241-42 (5th Cir.1997) (quoting

*Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316-17 (8th Cir.1993)); *Consol. Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 326-27 (1st Cir.1988).

According to the Indictment of the United States Grand Jury upon which Defendant Aiman Izzedin Aryan's arrest is predicated, the pharmacies which are the defendants in this action were instruments or vessels through which the fraudulent conspiracy operated. Additionally, it is incontrovertible that Defendants are in default of the credit agreements and security agreements and presently owe AmerisourceBergen in excess of $2,516,000.00. Indeed, within the last forty-eight hours, AmerisourceBergen has been advised that payments from the defendant entities in the amount of $1,201,995.40 have been returned unpaid because there were insufficient funds in the account or because the account was frozen by the governmental authorities. AmerisourceBergen is also advised that third parties have begun to cannibalize, secret, divert or fraudulently transfer significant assets which constitutes the collateral of AmerisourceBergen, and as recited above, there is, upon information and belief, no one operating or controlling the businesses and/or pharmacies that will protect the interests of AmerisourceBergen. Additionally, so long as the pharmacies are unable to fill prescriptions, the customers will take their business to other pharmacies; once that business is lost, AmerisourceBergen's experience tells it that the business will never be recaptured.

Since the pharmacy licenses of Izz and Sons, Inc. RDS Pharmacy Management, Inc. and Pharmacy One, Inc. have been suspended, there is minimal prejudice to the entity defendants. On the other hand, the denial of the receivership would leave the entities susceptible to further dissipation, waste, cannibalization, secreting, diverting and fraudulent transferring of assets. As the Defendants owe significant amounts to AmerisourceBergen pursuant to the credit agreements, some of which permit AmerisourceBergen to take immediate possession of the

collateral at issue, there is a high probability of success on the merits. Likewise, AmerisourceBergen's claim for damages for breach of the various credit agreements is an insufficient remedy in light of the current level of operations of Defendants' businesses (*i.e.* that the pharmacies are precluded from further pharmacy sales), and the dissipation, waste, cannibalization, secreting, divesting and fraudulently transfer of assets. The risk of irreparable injury to the Defendants by appointing a receiver is minimal, as the pharmacies are already precluded from selling prescription medications, and apparently are without management that can or will protect the interests of AmerisourceBergen. In light of the language of the credit agreements themselves and the need for AmerisourceBergen's collateral to be protected along with the public health, safety and welfare by permitting the controlled pharmaceuticals from reaching the general public, there does not appear to be a less severe remedy; instead, appointment of a receiver is a necessary remedy. The factors listed above each favor the appointment of a receiver.

Finally, the appointment of a receiver is "appropriate without notice and a hearing if the record discloses sufficient facts to warrant it." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 934 F.2d 1180 (11th Cir.1991). *See also Bookout v. Atlas Financial Corp.*, 395 F.Supp. 1338 (N.D. Ga. 1974) (if the files and records of a case, together with the pleadings, briefs and uncontroverted assertions of the parties show that appointment of a receiver is warranted, an evidentiary hearing is not required). The Court should appoint a receiver, without notice, to take control of the Defendants, to operate the pharmacies, and to protect the collateral securing the debts owed by defendant entities to AmerisourceBergen and to protect the public health safety and welfare.

### B. Prejudgment Attachment and Garnishment Will Preserve Plaintiff's Security Interests in Its Collateral and Preserve Assets for Execution

Rule 64 of the *Federal Rule of Civil Procedure* provides that "at the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." The rule specifically applies to "cases of 'arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies.'" *Securities and Exchange Commission v. ETS Payphones, Inc.*, 408 F.3d 727 n.7 (11th Cir. 2005).

Florida law permits both prejudgment attachment and prejudgment garnishment. Sec. 76.01 (Fla. Stat. 2011) states that "[a]ny creditor may have an attachment at law against the goods and chattels, lands, and tenements of his or her debtor." Sec. 76.04 (Fla. Stat. 2011) then provides that:

> The creditor may have an attachment on a debt actually due to the creditor by his or her debtor, when the debtor:
>
> (1) Will fraudulently part with the property before judgment can be obtained against him or her.
>
> (2) Is actually removing the property out of the state.
>
> (3) Is about to remove the property out of the state.
>
> (4) Resides out of the state.
>
> (5) Is actually moving himself or herself out of the state.
>
> (6) Is about to move himself or herself out of the state.
>
> (7) Is absconding.
>
> (8) Is concealing himself or herself.
>
> (9) Is secreting the property.

> (10) Is fraudulently disposing of the property.
>
> (11) Is actually removing himself or herself beyond the limits of the judicial circuit in which he or she resides.
>
> (12) Is about to remove himself or herself out of the limits of such judicial circuit.

Sec. 77.01 (Fla. Stat. 2011) states that "[e]very person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment." To obtain a writ of garnishment before judgment,

> the plaintiff, or the plaintiff's agent or attorney, shall file in the court where the action is pending a verified motion or affidavit alleging by specific facts the nature of the cause of action; the amount of the debt and that the debt for which the plaintiff sues is just, due, and unpaid; that the garnishment is not sued out to injure either the defendant or the garnishee; and that the plaintiff believes that the defendant will not have in his or her possession, after execution is issued, tangible or intangible property in this state and in the county in which the action is pending on which a levy can be made sufficient to satisfy the plaintiff's claim. The writ of garnishment shall set forth a notice to the defendant of the right to an immediate hearing for dissolution of such writ pursuant to s. 77.07. Upon issuance of the writ of garnishment, the clerk of the court shall provide by mail a copy of the writ to the defendant.

This Court should allow AmerisourceBergen to attach and garnish the Defendants' assets because: 1) the Defendants are liable to pay the Obligations (as defined in various credit agreements) owed to AmerisourceBergen as described in the various credit agreements, and therefore, AmerisourceBergen is likely to prevail in this action, and 2) there is a significant risk that the Defendants are presently parting with or will part with AmerisourceBergen's collateral, or otherwise dissipate assets before AmerisourceBergen can obtain a judgment. The facts supporting this conclusion are as follows:

a. AmerisourceBergen has been advised that the pharmacies are being cannibalized and their assets being moved, diverted and fraudulent transferred and/or secreted to places unknown;

b. A critical asset of the pharmacies are the pharmacy customer files which, upon a lack of proper servicing, will be irrevocably and irretrievably lost;

c. The Defendants were unable to pay their debts as they became due even before Aryan was arrested. Izz and Sons, Inc. was already in default on the payments owed pursuant to the Promissory Note referenced in the Complaint[3], and the other Defendants owed significant accounts payable to AmerisourceBergen;

d. The nature of the illegal healthcare fraud scheme with which the United States has charged Aryan is one of deceit. Further, as noted above, the corporate defendants were directly implicated by the Indictment as instrumentalities or vessels of the fraudulent, criminal enterprise with which Defendant Aryan participated;

e. By virtue of Defendant Aryan's continuing incarceration, there is some danger that property will be soon unavailable for levy of execution or that debtor is or will be unavailable; and

f. Payments by Izz and Sons and RDS in the amount of $1,201,995.40 have been returned to AmerisourceBergen uncollected or because their account was frozen by governmental authorities.

The public interest requires that the AmerisourceBergen collateral be protected. There is no conceivable unfair prejudice that could befall Defendants from being required to preserve a sufficient amount of their assets to pay their debts to AmerisourceBergen as this is part of their bargained for obligation to AmerisourceBergen.

AmerisourceBergen is ready willing and able to post a bond in double the amount owed to it, *i.e.* $5,033,334.74 or such other amount as this Court deems reasonable under the Florida statutes.

---

[3] The Promissory Note itself was a concession given by AmerisourceBergen to Izz and Sons due to Izz and Sons carrying an unpaid balance of $500,000.00, which itself was a default under the Izz and Sons Credit Agreement.

### C. Expedited Discovery Will Permit An Immediate Development Of The Factual Record As An Additional Aid To The Court's Exercise Of Discretionary Authority

These same reasons weigh heavily in favor of expedited discovery in this case on the issues of the identity and location of Defendants' assets and Defendants' financial condition. Expedited discovery is necessary in the instant matter to enable AmerisourceBergen to determine the location and amount of Defendants' remaining assets.

Although typically discovery does not commence before the Rule 26 conference is conducted by the parties, there are circumstances in which courts allow discovery to be conducted before the Rule 26 conference. A court may allow discovery before the Rule 26(f) conference upon a showing of "good cause." *Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc.* 2008 WL 927558 (M.D.Fla. April 4, 2008) *See Nassau Terminals, Inc. v. M/V Bering Sea*, 1999 WL 1293476 (M.D. Fla. 1999) ("The moving party ... must show good cause for departing from the usual discovery procedures."); *Qwest Communications Int'l., Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) ( "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures").

For the purposes of expediting discovery "[g]ood cause may be established by showing 'some compelling urgency which necessitates action forthwith and excuses giving notice to the other party,' such as 'a showing that the desired testimony is in hazard of loss unless the deposition is taken forthwith.'" *GE Seaco Services, Ltd. v. Interline Connection, N.V.* 2010 WL 1027408 (S.D. Fla. March 18, 2010) *citing to K.J. Schwartzbaum, Inc. v. Evans, Inc.*, 279 F.Supp. 422, 423-24 (S.D.N.Y. 1968).

Courts have also ordered expedited discovery in similar cases where there was real risk of loss or dissipation of assets. *See* also *U.S. Commodity Futures Trading Com'n v. Heierle*, 2007 WL 4351424 (S.D. Fla. Sept. 18, 2007) (discovery before Rule 26 conference granted to "ascertain the existence and location of assets and identify all pool participants and other investors…[and] to require an accounting to determine the location and disposition of pool participants' funds."); *F.T.C. v. Home Assure, LLC,* 2009 WL 1043956 (M.D.Fla. April 16, 2009) (in approving an asset freeze pursuant to a claim by the F.T.C. for violation of 13(b) of the FTC act, the Court ordered that the Commission and Temporary Receiver conduct expedited discovery "concerning the nature, location, status, and extent of the Named Defendants' assets; the status and location of documents reflecting the Named Defendants' business transactions" and "discovery concerning the nature, location, status, and extent of the Named Defendants' assets, the status and location of documents reflecting the Named Defendants' business transactions…").

Likewise, the Court may accelerate the timeframe for which parties may respond to discovery requests pursuant to Rule 34(b)(2), Fed. R. Civ. P., "the party to whom the request is directed must respond in writing within 30 days after being service. A shorter or longer time may be stipulated to under Rule 29 or ordered by the Court." *See also Hernandez v. Mohawk Industries*, Inc. 2009 WL 2208163, *1 (S.D.Fla. July 24, 2009); *F.T.C. v. Home Assure, LLC,* 2009 WL 1043956 (M.D.Fla. April 16, 2009) (depositions to be taken on two (2) days' notice, documents to be produced within two (2) days of service of request). As AmerisourceBergen's security is known to be at substantial risk of loss, waste, destruction, secreting, cannibalization, fraudulent transfer, AmerisourceBergen has "good cause" for expedited discovery, and the Court should order expedited discovery to begin immediately upon the filing of AmerisourceBergen's

Complaint and to be completed within two (2) days of service, to allow AmerisourceBergen to quickly determine the location of Defendants' assets and to prevent any loss of AmerisourceBergen's security.

WHEREFORE, AmerisourceBergen respectfully requests that this Court to enter an order granting this motion and authorizing:

      A.    AmerisourceBergen to attach and garnish assets of Defendants Aiman Izzedin Aryan, Izz And Sons, Inc., RDS Pharmacy Management Inc., Pharmacy One, Inc. and Izzedian Aryan in amounts sufficient to satisfy the Defendants' obligations under the Credit Agreements and Guarantees, pending further order of this Court;

      B.    Setting a bond in the amount required by Sec. 76.12 (Fla. Stat. 2011);

      C.    Requiring the Defendants to (1) produce to AmerisourceBergen all documents requested by AmerisourceBergen on the issue of the identity and location of Defendants' assets and Defendants' financial condition within two days of service of a document request, (2) to allow AmerisourceBergen to depose the Defendants with no more than two (2) days' notice on those issues, and (3) to otherwise authorize AmerisourceBergen to take any other discovery authorized by the Federal Rules of Civil Procedure with the requirement that Defendants respond within five (5) days of service of that request; and

granting such other relief as this court deems just and proper under the circumstances.

                                        Respectfully submitted,

                                        BERGER SINGERMAN
                                        Counsel for Plaintiff
                                        200 S. Biscayne Blvd.
                                        Miami, FL  33131
                                        (305) 755-9500
                                        (305) 714-4340 (facsimile)

                                        By: _____
                                        James C. Cunningham, Jr.
                                        Fla. Bar. No. 276197
                                        jcunningham@bergersingerman.com
                                        Andrew M. Hinkes
                                        Fla. Bar No. 0017848
                                        ahinkes@bergersingerman.com

Date: October 28, 2011

BERGER SINGERMAN    Boca Raton   Fort Lauderdale   Miami   Tallahassee
attorneys at law
200 South Biscayne Boulevard  Suite 1000  Miami, Florida 33131-5308  Telephone 305-755-9500  Facsimile 305-714-4340