UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-cv-23895-O'SULLIVAN

[CONSENT]

AMERISOURCEBERGEN DRUG
CORPORATION, a foreign corporation,
    Plaintiff,

v.

IZZ AND SONS, INC., a Florida
corporation; RDS PHARMACY
MANAGEMENT, INC., a Florida
corporation; PHARMACY ONE, INC.,
a Florida corporation; AIMAN IZZEDIN
ARYAN, an individual and IZZEDIAN
ARYAN, an individual,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion for Final Summary Judgment and Supporting Memorandum of Law (DE# 47, 5/8/12). Having reviewed the applicable filings and the law, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Final Summary Judgment and Supporting Memorandum of Law (DE# 47, 5/8/12) is **GRANTED in part and DENIED in part** for the reasons set forth below.

## BACKGROUND

On October 28, 2011, the plaintiff, AmerisourceBergen Drug Corporation (hereinafter "AmerisourceBergen" or "plaintiff"), commenced this action alleging four causes of action against the defendants: appointment of a receiver (Count I), pre-judgment attachment and garnishment (Count II), breach of contract (Count III) and breach of guaranties (Count IV). See Complaint (DE# 1, 10/28/11).

On May 8, 2012, the plaintiff filed the instant motion seeking final judgment on Count I (appointment of a receiver), Count II (pre-judgment attachment and garnishment), Count III (breach of contract) and Count IV (breach of guaranties) of the Complaint (DE# 1). See Plaintiff's Motion for Final Summary Judgment and Supporting Memorandum of Law (DE# 47 at 1, 5/8/12). The plaintiff also filed Plaintiff's Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Summary Final Judgment (DE# 48, 5/8/12) and the Plaintiff's Corrected[1] Notice of Filing Affidavit in Support of its Motion for Summary Final Judgment (DE# 65, 8/21/12). The Court provided the defendants with an extension of time up to and including August 16, 2012 to file a response to the instant motion. See Order (DE# 62, 7/20/12). To date, the defendants have not filed their response to the instant motion. This matter is now ripe for consideration.

## FACTS[2]

The plaintiff has supplied pharmaceuticals to defendants Izz and Sons, Inc., RDS Pharmacy Management, Inc. and Pharmacy One, Inc. (collectively the "defendant

---

[1] The initial affidavit of Roger McMullen filed with the Court was not executed or notarized. See Plaintiff's Notice of Filing Affidavit in Support of its Motion for Summary Final Judgment (DE# 49, 5/8/12).

[2] The facts contained in this section are from the Plaintiff's Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Summary Final Judgment (DE# 48, 5/8/12). Local Rule 56.1(b) states that: "[a]ll material facts set forth in the movant's statement . . . will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." S.D. Fla. L.R. 56.1(b). Here, the defendants have not responded to the plaintiff's statement of undisputed material facts and the Court finds that the statement is supported by the evidence in the record. Accordingly, the facts contained in the Plaintiff's Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Summary Final Judgment (DE# 48, 5/8/12) are deemed admitted.

entities") since 2001. See Plaintiff's Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Summary Final Judgment (DE# 48 at ¶2, 5/8/12) (citing Complaint (DE# 1 at ¶¶24, 32, 10/28/11); Answer (DE# 31 at ¶¶24,32, 12/16/11)). The plaintiff entered into credit agreements with the defendant entities. Id. at ¶3 (citing Complaint (DE# 1 at Exhibit A, K and P, 10/28/11); Answer (DE# 31 at ¶11, 12/16/11)). The credit agreements stated that in exchange for providing pharmaceuticals to the defendant entities, the defendant entities would pay the agreed upon charges to the plaintiff. Id. The defendant entities failed to pay the plaintiff for all the pharmaceuticals which had been sold to them by the plaintiff. See Affidavit of Roger McMullen in Support of Plaintiff's Motion for Summary Final Judgment (DE# 65-1 at ¶5, 8/21/12). The failure to pay for the pharmaceuticals constituted a default under each of the credit agreements entered into by the defendant entities. See Plaintiff's Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Summary Final Judgment (DE# 48 at ¶12, 5/8/12) (citing Complaint (DE# 1 at Exhibit A, K and P, 10/28/11)).

     Defendant Aiman Izzedin Aryan gave his personal guaranties of the financial performance and debts of the defendant entities memorialized in the credit agreements. See Plaintiff's Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Summary Final Judgment (DE# 48 at ¶5, 5/8/12) (citing Complaint (DE# 1 at ¶¶12, 18, 19, 29 and 35, 10/28/11); Answer (DE# 31 at ¶¶12, 18, 29 and 35, 12/16/11)). Defendant Izzedian Aryan gave his personal guaranty of the financial performance and debts of Pharmacy One, Inc. memorialized in the credit agreement. Id. at ¶7 (citing Complaint (DE# 1 at ¶35, 10/28/11); Answer (DE# 31 at ¶35, 12/16/11)). Defendants RDS Pharmacy Management, Inc. and Pharmacy One, Inc. gave their

guaranty of the financial performance and debts owed to the plaintiff by Izz and Sons, Inc. Id. at ¶¶9-10 (citing Complaint (DE# 1 at ¶20, 10/28/11); Answer (DE# 31 at ¶20, 12/16/11)). Defendants Aiman Izzedin Aryan, Izzedian Aryan, RDS Pharmacy Management, Inc. and Pharmacy One, Inc. have failed to pay the amounts due under their guaranty obligations. See Affidavit of Roger McMullen in Support of Plaintiff's Motion for Summary Final Judgment (DE# 65-1 at ¶5, 13-16, 8/21/12).

### **STANDARD OF REVIEW**

The Court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(a), which states, in relevant part, as follows:

> A party may move for summary judgment, identifying each claim or defense -- or the part of each claim or defense -- on which summary judgment is sought. The court shall grant summery judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a).

The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). That is, "[t]he moving party bears 'the initial responsibility of informing the . . . [C]ourt of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323). In assessing whether the moving party has satisfied this burden, the Court is required to view the

4

evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Id. If the record presents factual issues, the Court must deny the motion and proceed to trial. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Despite these presumptions in favor of the non-moving party, the Court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the Court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-23. Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in Celotex:

> [T]he plain language of Rule 56(a) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id. at 322-323. Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the [trier of fact] could reasonably find for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

## ANALYSIS

1. **Summary Judgment on the Appointment of a Receiver (Count I) and Pre-Judgment Attachment and Garnishments (Count II).**

The plaintiff seeks summary judgment on Counts I (appointment of a receiver)

and II (pre-judgment attachment and garnishment) of the Complaint (DE# 1, 10/28/11). See Plaintiff's Motion for Final Summary Judgment (DE# 47 at 6 n.2, 5/8/12). The totality of the plaintiff's argument in support of summary judgment on Counts I and II of the Complaint (DE# 1) is contained in the following footnote: "Considering the procedural history of this case and its present posture, and specifically since the deadline for amending the pleadings has passed, AmerisourceBergen believes that judgment in its favor on Counts I and II is appropriate." Id. At the outset of these proceedings the plaintiff filed Plaintiff's Renewed Emergency Motion for Emergency Hearing on its Emergency Motion for Prejudgment Attachment and Garnishment, Expedited Discovery and Supporting Memorandum of Law (DE# 17, 11/15/11). On November 23, 2011, the Court entered an Agreed Order on Plaintiff's Renewed Emergency Motion, Etc. (DE# 24, 11/23/11) which appointed Margaret J. Smith, CPA as the Monitor in this case.

The plaintiff's request for summary judgment on Count I (appointment of a receiver) is **DENIED as moot**. The plaintiff has failed to show the continued need for a receiver in the instant case and the Court has already appointed Ms. Smith as the Monitor. The plaintiff's request for summary judgment on Count II (pre-judgment attachment and garnishment) is **DENIED as moot** because the Court will enter judgment in favor of the plaintiff and against the defendants in conjunction with this Order.

2.  **Summary Judgment on Breach of Contract Claim (Count III)**

The plaintiff also seeks summary judgment on its breach of contract claim (Count III) against the defendant entities, Izz and Sons, Inc., RDS Pharmacy Management, Inc.

and Pharmacy One, Inc. See Plaintiff's Motion for Final Summary Judgment (DE# 47, 5/8/12). The elements of a breach of contract claim under Florida law are: a valid contract, a material breach and damages. See Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999). In the instant case, the plaintiff entered into credit agreements with the defendant entities. See Plaintiff's Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Summary Final Judgment (DE# 48 at ¶3, 5/8/12) (citing Complaint (DE# 1 at Exhibit A, K and P, 10/28/11); Answer (DE# 31 at ¶11, 12/16/11)). The credit agreements stated that in exchange for providing pharmaceuticals to the defendant entities, the defendant entities would pay the agreed upon charges to the plaintiff. Id. The defendant entities failed to pay the plaintiff for all the pharmaceuticals sold to them by the plaintiff. See Affidavit of Roger McMullen in Support of Plaintiff's Motion for Summary Final Judgment (DE# 65-1 at ¶5, 8/21/12). The failure to pay for the pharmaceuticals constituted a default under each of the credit agreements entered into by the defendant entities. See Plaintiff's Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Summary Final Judgment (DE# 48 at ¶12, 5/8/12) (citing Complaint (DE# 1 at Exhibit A, K and P, 10/28/11)). The plaintiff suffered damages as a result of the defendant entities' breach of their credit agreements. See Affidavit of Roger McMullen in Support of Plaintiff's Motion for Summary Final Judgment (DE# 65-1 at ¶¶6-12, 8/21/12).

Because the defendant entities entered into credit agreements with the plaintiff, defaulted on their obligations and caused the plaintiff damages, there are no disputed material issues of fact as to the breach of contract claim asserted in Count II of the Complaint (DE# 1) and the plaintiff is entitled to summary judgment on that claim.

### 3. Summary Judgment on Breach of Guaranties Claim (Count IV)

In the instant motion, the plaintiff states that "[i]n Count IV of the Complaint, AmeirsourceBergen seeks recovery against Defendants A. Aryan, I. Aryan, RDS, and Pharmacy One on account of their Guaranties of the various Defendant Entities' debts owed to AmerisourceBergen." Plaintiff's Motion for Final Summary Judgment and Supporting Memorandum of Law (DE# 47 at 10, 5/8/12). In Florida, a cause of action for breach of a guaranty arises from a debtor's default and the guarantor's subsequent failure to pay. Brunswick Corp. v. Creel, 471 So. 2d 617, 618 (Fla. 5th DCA 1985). It is undisputed that the defendant entities have defaulted on their credit agreements with the plaintiff and that no payments have been made to the plaintiff by the defendant entities or the guarantors of those credit agreements. See Complaint (DE# 1 at 19-20, 10/28/11); Answer (DE# 31 at ¶12/16/11)). Therefore no material issue of fact exists to be disputed at trial and the plaintiff is entitled to final summary judgment on the breach of guaranties claim alleged in Count IV of the Complaint (DE# 1, 10/28/12) as to defendants Aiman Izzedin Aryan, Izzedian Aryan, RDS Pharmacy Management, Inc. and Pharmacy One, Inc.

### 4. Amounts of the Judgment

The total amount owed by defendant Izz and Sons, Inc. to the plaintiff is $908,217.44.[3] This amount is calculated as follows. The principal amount for goods and services totaled $731,035.11. See Affidavit of Roger McMullen in Support of Plaintiff's Motion for Summary Final Judgment (DE# 65-1 at ¶7, 8/21/12). The amount of the note totaled $119,356.82. Id. As of April 15, 2012, the interest owed on the delinquent

---

[3] The plaintiff's calculation is off by a penny.

invoices was $8,115.12 and the interest owed on the note was $49,710.38. Id.

The total amount owed by defendant RDS Pharmacy Management, Inc. to the plaintiff is $1,142,687.08. This amount is calculated as follows. The principal amount for goods and services totaled $217,520.71. See Affidavit of Roger McMullen in Support of Plaintiff's Motion for Summary Final Judgment (DE# 65-1 at ¶9, 8/21/12). The interest owed on the delinquent invoices as of April 15, 2012 was $16,948.93. Id. The guaranty obligation on behalf of defendant Izz and Sons, Inc. was $908,217.44. See supra.

The total amount owed by defendant Pharmacy One, Inc. to the plaintiff is $1,740,392.62. This amount is calculated as follows. The principal amount for goods and services totaled $766,682.31. See Affidavit of Roger McMullen in Support of Plaintiff's Motion for Summary Final Judgment (DE# 65-1 at ¶11, 8/21/12). The interest owed on the delinquent invoices as of April 15, 2012 is $65,492.87. Id. The guaranty obligation on behalf of defendant Izz and Sons, Inc. was $908,217.44. See supra.

The total amount owed by defendant Aiman Izzedin Aryan to the plaintiff is $1,974,862.26. This amount is calculated as follows. Defendant Aiman Izzedin Aryan guaranteed the debt of defendant Izz and Sons, Inc., RDS Pharmacy Management, Inc. and Pharmacy One, Inc. The amount owed by defendant Izz and Sons, Inc. to the plaintiff is $908,217.44. See supra. The amount of principal and interest owed by defendant RDS Pharmacy Management, Inc. on the debt is $234,469.64 ($217,520.71 plus $16,948.93). Id. The amount of principal and interest owed by defendant Pharmacy One, Inc. on the debt is $832,175.18 ($766,682.31 plus $65,492.87). Id.

The total amount owed by defendant Izzedian Aryan to the plaintiff is $1,740,392.62. Defendant Izzedian Aryan gave his personal guaranty of the financial

9

performance and debts of Pharmacy One, Inc. This is the amount owed by defendant Pharmacy One, Inc. to the plaintiff. See supra.

## CONCLUSION

Based on the foregoing, the plaintiff has shown that it is entitled to final summary judgment as a matter of law on Counts III and IV of the Complaint (DE# 1, 10/28/12). As such, the Plaintiff's Motion for Summary Judgment (DE# 47, 5/8/2012) is **GRANTED in part and DENIED in part** for the reasons stated herein. The Court will enter a judgment in a separate Order. It is further

ORDERED AND ADJUDGED that the October 1, 2012 trial date and all other pretrial hearings and deadlines are CANCELLED.

DONE AND ORDERED in Chambers at Miami, Florida this **28th** day of August, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel on record

10